UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BURVIN STEVENSON,

        Plaintiff,                               Hon. Richard Alan Enslen

v.                                                Case No. 1:05 CV 724

GEORGE PRAMSTALLER, et al.,

        Defendants.
_____/

### REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Pramstaller's Rule 12(b)(6) Motion for Dismissal for Lack of Exhaustion, (dkt. #23), and Defendant Dr. Hutchinson's Motion to Dismiss, (dkt. #34). Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court recommends that Defendants' motions be **granted** and Plaintiff's action be **dismissed without prejudice**.

### BACKGROUND

Plaintiff claims that on April 23, 2003, he was diagnosed with a cataract in his left eye which, unless treated, would result in blindness in that eye. Plaintiff asserts that his subsequent requests to undergo cataract removal surgery were denied. On October 21, 2005, Plaintiff initiated the present action against Defendants George Pramstaller and Craig Hutchinson. Plaintiff asserts that Defendants denied his requests for medical treatment in violation of his Eighth Amendment right to be free from cruel and unusual punishment. As discussed below, however, Plaintiff has failed to properly exhaust the claims asserted in his complaint.

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement is mandatory and applies to all actions "brought with respect to prison conditions," regardless of the wrong alleged or relief sought. *Id.*

To satisfy the exhaustion requirement, the prisoner must allege and demonstrate that he has exhausted all available administrative remedies. Accordingly, the prisoner should attach to his § 1983 complaint the administrative decision resolving his complaint, if such decision is available. *Id.* In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been properly exhausted. *See Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

The prisoner must also specifically identify in his grievance the particular defendant(s) against whom his action is asserted, thus enabling the prison system to address the matter in the first instance. *See Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *VanDiver v. Martin*, 2002 WL 31166925 at *2 (6th Cir., Sep. 27, 2002) ("the issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific individuals mentioned in his grievance"). The Sixth Circuit later clarified this concept, holding that "for a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003).

Furthermore, the Prison Litigation Reform Act mandates "total exhaustion." *Jones-Bey v. Johnson*, 407 F.3d 801, 806 (6th Cir. 2005). Thus, when a prisoner files a "mixed" complaint,

alleging both exhausted and unexhausted claims, the entire action must be dismissed if the prisoner has failed to exhaust all available administrative remedies as to *any* of the claims in the complaint. *Id.* at 805-09. In *Rinard v. Luoma*, 440 F.3d 361 (6th Cir. 2006), the Sixth Circuit reaffirmed its holding in *Jones-Bey*. Specifically, the *Luoma* court expressly rejected the argument that the Sixth Circuit had previously declined to adopt the total exhaustion rule, thus rendering the *Jones-Bey* decision of no consequence. In this respect, the *Luoma* court stated

> In *Jones Bey v. Johnson*, we addressed and 'definitively answer[ed]…whether the PLRA requires a complete dismissal of a prisoner's complaint when that prisoner alleges both exhausted and unexhausted claims'. . .There. . .we held that the PLRA requires total exhaustion. . .Thus, although the total/partial exhaustion question lurked amid the record in *Hartsfield*, that case did not address nor decide the issue as to be binding upon this court. By contrast, *Jones-Bey* definitively answered the question presented here and we now follow it.

*Id.* at *1-2.

Plaintiff has submitted evidence indicating that he pursued two grievances regarding his attempts to obtain approval for cataract removal surgery. (Dkt. #37). Plaintiff filed grievance number SMT 03-06-02830-12G1 on June 3, 2003, and grievance number KTF 04-02-141-12G on February 7, 2004. While Plaintiff pursued both of these grievances through Step III of the grievance process, he failed to identify either defendant in any of his grievances. *Id.*

Plaintiff's failure to identify Defendant Hutchinson (who is employed by Correctional Medical Services) in his grievances is of no consequence. In response to a medical kite Plaintiff submitted, MDOC officials instructed Plaintiff that "[y]our requested surgery was denied by CMS, the managed care company employed by the State of Michigan, a contractual provider. This is a separate entity from the MDOC and *is not grievable by MDOC procedures*." (Dkt. #37, Exhibit A at 35)

(emphasis added).  Having been instructed that he could not pursue a grievance against Defendant Hutchinson, Plaintiff can hardly be faulted for failing to properly do so.  Defendant Hutchinson has presented no evidence that CMS employs any sort of administrative grievance procedure which prisoners may pursue.  Nor has Defendant Hutchinson presented evidence indicating that there existed any other administrative remedy which Plaintiff could have pursued.  Thus, the Court finds that Plaintiff has properly grieved his complaint against Defendant Hutchinson.  However, the same cannot be said with respect to Plaintiff's failure to properly identify Defendant Pramstaller in his grievances.

Defendant Pramstaller is employed by the MDOC, thus Plaintiff was not precluded from utilizing the MDOC grievance procedure to pursue his claims against Defendant Pramstaller.  With respect to his failure to properly identify Defendant Pramstaller in his grievances, Plaintiff does not assert that he was unable to identify Defendant Pramstaller by name.  Instead, Plaintiff simply asserts that "contrary to the Defendant(s) argument that the Plaintiff has not exhausted all of his state administrative remedies under Rule 12(b)(6), exhaustion of state remedies is not required."  (Dkt. #37 at 3).  As discussed above, Plaintiff is required to properly exhaust his state remedies prior to initiating action in federal court.

Moreover, even were Plaintiff to assert that he was unable to identify Defendant Pramstaller by name, such is contradicted by the evidence in this matter.  Plaintiff has submitted a copy of a July 22, 2003 memorandum authored by Defendant Pramstaller indicating that Plaintiff's request for treatment was denied.  (Dkt. #37, Exhibit A at 38).  This memorandum was sufficient to inform Plaintiff that Defendant Pramstaller was involved in the decision denying his requests for treatment.  That such is the case is confirmed by the fact that in the present action Plaintiff identified Defendant Pramstaller by name.

As noted above, Plaintiff was required to identify Defendant Pramstaller *by name* in his Step I grievances.  Because he failed to do so, the Court finds that Plaintiff has not properly exhausted his claims against Defendant Pramstaller.  Furthermore, pursuant to the total exhaustion rule Plaintiff's claims against Defendant Hutchinson are likewise subject to dismissal.  Accordingly, for the reasons discussed herein, the Court recommends that Defendants' motions to dismiss both be **granted** and Plaintiff's action **dismissed without prejudice**.

## CONCLUSION

For the reasons articulated herein, the Court recommends that Defendant Pramstaller's Rule 12(b)(6) Motion for Dismissal for Lack of Exhaustion, (dkt. #23), and Defendant Dr. Hutchinson's Motion to Dismiss, (dkt. #34), be **granted** and Plaintiff's action be **dismissed without prejudice**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  May 22, 2006   /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge