UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BURVIN STEVENSON,

          Plaintiff,

v.

GEORGE PRAMSTALLER, *et al.*,

          Defendants.
_____/

Case No. 1:05-CV-724

Hon. Richard Alan Enslen

**ORDER**

      Plaintiff Burvin Stevenson has moved for relief pursuant to Federal Rule of Civil Procedure 60. Judgment was entered dismissing this suit against Defendants George Pramstaller, M.D. and Craig Hutchinson, M.D. on June 19, 2006. This Judgment did not rely upon the so-called "total exhaustion rule," but did rely upon the previous Sixth Circuit precedent requiring that Defendants be specifically named at each level of the grievance process to exhaust administrative remedies as to said Defendants. On January 22, 2007, the United States Supreme Court decided *Jones v. Bock*, – S,.Ct. – , 2007 WL 135890 (U.S. 2007), which reversed both the Sixth Circuit's "total exhaustion rule" and its rule requiring Defendants to be specifically named in grievances as to matters grieved before December 19, 2003. Plaintiff then filed a one-page letter seeking relief from Judgment on or about February 2, 2007.

      Plaintiff's request for relief does not identify a source of legal authority for the relief sought, but presumably is filed pursuant to Federal Rule of Civil Procedure 60(b)(6). Such Rule allows relief when there are "extraordinary circumstances" warranting relief from the final judgment. The Judgment in this suit did not rely upon the "total exhaustion rule," but did rely upon the Sixth Circuit case law requiring that grievances specifically name responsible parties. A change in precedential

law, especially when it is not a retroactive change in law, rarely constitutes an "extraordinary circumstance" warranting Rule 60(b)(6) relief.  *See Blue Diamond Coal Co. v. Tr. of the UMWA Combined Benefit Fund,* 249 F.3d 519, 524 (6th Cir. 2001).  This is especially true when a litigant forsakes appeal of the judgment.  *See Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir. 1989).  Such extraordinary circumstances are not present in this instance.

Furthermore, even where the Court to reconsider the merits of the dismissal, it is far from clear that a different disposition would result.  The rule in *Jones v. Bock* as to particularity of grievances was based upon the policy directive in Michigan which was in place prior to December 19, 2003.  *See Jones*, 2007 WL at 5 & n.4.  Only one of the two grievances that Plaintiff submitted in support of his exhaustion arguments predated December 19, 2003.  Plaintiff's 2004 grievance was subject to the new Michigan Department of Corrections policy directive requiring particularity of grievance exhaustion, *see* Mich. Dept. of Corr. Policy Dir. 03.02.130(F) (effective 12/19/2003), and failed to comply with that directive.  Rule 60(b) relief is unwarranted.

While this is so, the Court is concerned that Plaintiff's letter states complaints about his present health care treatment, which he believes is threatening his health and safety.  For this reason, the Court will direct the Clerk to submit to Plaintiff a prisoner civil rights complaint form.

**ACCORDING, IT IS HEREBY ORDERED** that Plaintiff Burvin Stevenson's letter motion for relief pursuant to Federal Rule of Civil Procedure 60(b) (Dkt. No. 58) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to Plaintiff a copy of the complaint form for use in prisoner civil rights actions brought pursuant to 42 U.S.C. § 1983.

Dated in Kalamazoo, MI:                                        /s/Richard Alan Enslen
March 19, 2007                                                    Richard Alan Enslen
                                                                       Senior United States District Judge